**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERALD LEO ROGERS,

Defendant-Appellant.

No. 95-1519
(D.C. No. 94-CB-466)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY and LOGAN, Circuit Judges, and DOWNES,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Defendant was charged in a thirty-count superseding indictment with mail fraud, RICO violations, securities fraud, tax fraud, obstruction of justice, and conspiracy in connection with his involvement with two mining tax shelters in Canada and French Guiana. He fled the country and was eventually extradicted from Switzerland for trial. He was convicted on ten counts of mail fraud and three counts of securities fraud and sentenced to twenty-five years imprisonment. On appeal this court affirmed defendant's conviction on nine counts and remanded to the district court with instructions to dismiss four counts based on collateral estoppel.

Defendant filed a motion to reverse, vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, with respect to which the district court denied relief.[1] The appeal raises the issues of ineffective assistance of counsel,

---

[1] Defendant filed his § 2255 motion on February 28, 1994. He filed a "Supplement To Writ Of Habeas Motion" on December 30, 1994, raising a double jeopardy issue. The district court denied the § 2255 motion on January 30, 1995, and denied defendant's motion for reconsideration on February 15, 1995. Neither of those orders mentioned the "supplement," nor did they address the double jeopardy issue. Thereafter, defendant filed several motions regarding the double jeopardy issue, including one asking the court to grant him summary judgment on the double jeopardy issue or to clarify whether the orders denying § 2255 relief and reconsideration constituted a final judgment on all issues, including double jeopardy. The district court did not respond, and ultimately defendant filed "Movant's Motion And Notice Of Hearing On Motion For Reconsideration To Conduct Hearing Concerning The Alteration Of Trial Transcripts, Or, In Alternative, Hearing For Default Judgment On Motion To Dismiss For Reasons Of Double Jeopardy Due To Movant's Immediate Liberty Interest." I R. doc 1.

(continued...)

double jeopardy, Brady violations, and transcript tampering which defendant asserts require reversal of his convictions or a new trial. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I

Defendant argues that his Sixth Amendment right to counsel was violated because he received ineffective assistance of counsel as a result of a conflict of interest that occurred when his attorneys, Pierce O'Donnell and Jeffery Gordon, secretly testified before the grand jury that returned his indictment. O'Donnell and Gordon had represented defendant on various matters, and they were his attorneys during the grand jury investigation that resulted in defendant's indictment. O'Donnell testified before the grand jury, and Gordon represented O'Donnell, remaining outside the grand jury room. After defendant's indictment in 1984, O'Donnell and Gordon continued to represent defendant, participating in numerous pre-trial matters. O'Donnell and Gordon were granted leave to withdraw as defendant's counsel in August 1987 when defendant failed to make a

---

[1](...continued)
The district court dismissed defendant's motion for lack of merit on November 2, 1995. Defendant filed his notice of appeal on December 14, 1995. Because defendant filed his notice of appeal within sixty days, see Fed. R. App. P. 4(a), from the district court's order denying his motion to dismiss based on double jeopardy--the last issue in the § 2255 action--we hold that defendant's appeal was timely.

court appearance and fled the country. Defendant represented himself at trial with a public defender as advisory counsel.

The Sixth Amendment right to effective assistance of conflict-free counsel, see United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995), attaches only after initiation of adversary proceedings against a defendant, in this case formal charge by indictment. See Kirby v. Illinois, 406 U.S. 682, 688-89 (1972). Thus, to the extent defendant argues that O'Donnell's grand jury testimony and a pre-indictment meeting between government attorneys and O'Donnell and Gordon violated his Sixth Amendment rights, the argument fails. Further, defendant has not demonstrated an actual conflict of interest that adversely affected his attorneys' performance from the time he was charged by indictment until they withdrew following defendant's disappearance. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).[2] The record reveals no prejudice resulting from O'Donnell's and Gordon's representation of defendant, and, therefore, defendant has not established ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring prejudice resulting from constitutionally deficient performance of counsel).

---

[2] As the district court recognized, although O'Donnell and Gordon did not represent defendant at trial, they enjoyed some success on pretrial motions before they withdrew.

## II

Defendant argues that his criminal prosecution after the seizure of his assets by the Canadian government and the Seventh Elect Church through state process violated his right to be free from double jeopardy.

The Double Jeopardy Clause prohibits the government from punishing twice for the same offense. See United States v. Ursery, 116 S. Ct. 2135, 2139-40 (1996). Defendant's conclusory allegations, however, that the United States government was responsible for the seizures by the Canadian government and for the state forfeitures in favor of the Seventh Elect Church, are completely unsupported by evidence. Defendant has not shown that the United States government was connected in any way with the alleged loss of his property, or that such loss was the result of punitive action.

## III

Defendant cites three pieces of information that he claims the government had a duty to disclose under the doctrine announced in Brady v. Maryland, 373 U.S. 83 (1963). We agree with the district court that this claim was procedurally barred because defendant failed to raise it on direct appeal.[3] See United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996). Defendant does not argue cause and

---

[3] Defendant did raise an unrelated Brady issue on direct appeal.

prejudice for failing to raise the issue nor does he argue a fundamental miscarriage of justice if it is not considered.  Further, even if the claim were not barred it is unmeritorious.  Brady requires that the evidence be material to either guilt or punishment; "the relevant standard of materiality does not focus on the trial preparation, but instead on whether earlier disclosure would have created a reasonable doubt of guilt that did not otherwise exist."  United States v. Rogers, 960 F.2d 1501, 1510-11 (10th Cir.) (quotation omitted) cert. denied, 506 U.S. 1035 (1992).  Defendant's conclusory allegations regarding the value of the allegedly concealed evidence in impeaching witnesses do not satisfy the materiality requirements.

IV

Defendant alleges that his trial transcript was altered.  On appeal he abandons his accusations against the trial judge and the court reporter and asserts that the transcript was altered by unknown persons.  The district court squarely rejected defendant's claim, finding that he "produced absolutely no evidence to support his claim except for an affidavit signed by his co-defendant Gary Coomber, stating that 'to the best of [his] recollection' certain testimony has been omitted from the transcript."  App. at 294.  We find no error in the district court's ruling on this issue.

V

Because we have found no error in the district court's disposition of defendant's arguments, we hold that there is no cumulative error. In addition, we reject defendant's several requests for an evidentiary hearing. The record and filings before us on the § 2255 motion "conclusively show that [defendant] is entitled to no relief," and, therefore, the district court was not required to hold an evidentiary hearing on his claims. United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge