FILED
United States Court of Appeals
Tenth Circuit

September 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERALD L. ROGERS,

Defendant-Appellant.

No. 09-1020
(D.C. No. 1:84-CR-00337-CMA-1)
(D. Colo.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

Gerald L. Rogers is a federal prisoner who seeks to appeal the dismissal of a pleading he captioned as a petition under the All Writs Act, 28 U.S.C. § 1651, and 28 U.S.C. § 2241. He is currently serving a twenty-five year sentence on multiple counts of mail and securities fraud. *United States v. Rogers*, 960 F.2d 1501, 1503-04 (10th Cir.), *cert. denied*, 506 U.S. 1035 (1992). In 1994, he filed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, but the district court denied relief, and we affirmed. *United States v. Rogers*, No. 95-1519, 1997 WL 543365 (10th Cir. Sept. 3, 1997) (unpublished). We then twice denied him authorization to file a second or successive § 2255 motion. *Rogers v. United States*, No. 98-525 (10th Cir. Oct. 6, 1998) (unpublished); *Rogers v. United States*, No. 02-1416 (10th Cir. Dec. 5, 2002) (unpublished). Thereafter, Mr. Rogers moved for relief under Fed. R. Civ. P. 60(b)(4), but the district court construed his motion as an unauthorized second or successive § 2255 motion and denied relief. On appeal, we vacated the district court's order for lack of jurisdiction, construed Mr. Rogers' appellate materials as an implied request for authorization to file a second or successive § 2255 motion, and denied authorization. *United States v. Rogers*, 205 F. App'x 708, 710 (10th Cir. 2006) (per curiam) (unpublished).

Most recently, Mr. Rogers filed the present pleading, which the district court determined was yet another unauthorized second or successive § 2255 motion. The court dismissed the motion for lack of jurisdiction, and Mr. Rogers now appeals pro se.[1] He also seeks leave to proceed in forma pauperis (IFP).

Before addressing Mr. Rogers' appellate contentions, we must determine whether he satisfies the standards for issuance of a certificate of appealability

---

[1] We liberally construe Mr. Rogers' pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

-2-

(COA), which is a prerequisite to appealing a final order of dismissal in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).[2] Mr. Rogers did not seek a COA, but we will treat his notice of appeal as an application for a COA. *See United States v. Gordon*, 172 F.3d 753, 753-54 (10th Cir. 1999); Fed. R. App. P. 22(b)(2). "In order to secure a COA, a petitioner must show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Harper*, 545 F.3d at 1233 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). The district court dismissed Mr. Rogers' pleading as an unauthorized second or successive § 2255 motion. Thus, whether Mr. Rogers is entitled to a COA depends on whether the district court's dismissal is subject to reasonable debate. We conclude it is not.

"A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that . . . the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Mr. Rogers undoubtedly fits this description. His pleading clearly

---

[2]  Mr. Rogers captioned his pleading as a petition under 28 U.S.C. § 2241, which would not require a COA to appeal, but he did not and does not now advance any argument that the district court should have treated his pleading as a § 2241 petition rather than a § 2255 motion. Accordingly, given the district court's characterization of the motion, we proceed to determine whether Mr. Rogers satisfies the prerequisite standards for a COA.

attacks the legality of his detention on several grounds, including lack of federal jurisdiction to hear the case, lack of government standing to prosecute the case, and separation of power principles. The district court, therefore, was correct in finding that Mr. Rogers sought substantive § 2255 relief. And, absent any indication that the § 2255 remedy was "inadequate or ineffective," *id.* § 2255(e), Mr. Rogers was obligated to comply with the authorization requirements for filing a second or successive § 2255 motion. Because Mr. Rogers had not obtained the required authorization from this court, *see id.* § 2255(h), the district court properly exercised its discretion to dismiss the pleading rather than transfer it here, *see In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (instructing district courts to dismiss unauthorized second or successive § 2255 claims for lack of jurisdiction, or transfer the motion to this court if in the interest of justice). Hence, no reasonable jurist would debate the court's decision to dismiss the motion, and Mr. Rogers thus fails to satisfy the standards for issuance of a COA.[3]

Finally, we deny Mr. Rogers' request to proceed IFP. To qualify for IFP status, an inmate must show "a financial inability to pay" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on

---

[3] It is of no avail that Mr. Rogers also styled his pleading under the All Writs Act. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). Likewise, Mr. Rogers' assertion that the Antiterrorism and Effective Death Penalty Act (AEDPA) is inapplicable to this post-AEDPA motion is meritless. *See Daniels v. United States*, 254 F.3d 1180, 1184-85, 1188 (10th Cir. 2001) (en banc).

appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted). Mr. Rogers' arguments are not well-reasoned and fail to demonstrate an absence of frivolity.[4]

Accordingly, we DENY a certificate of appealability, DENY the motion to proceed IFP, and DISMISS the appeal.

                                        Entered for the Court


                                        David M. Ebel
                                        Circuit Judge

---

[4] The "three-strikes" provision of 28 U.S.C. § 1915(g) does not apply to habeas corpus and § 2255 proceedings, *Jennings v. Natrona County Det. Ctr. Med. Fac.*, 175 F.3d 775, 780-81 (10th Cir. 1999), but we caution Mr. Rogers against filing meritless challenges to this conviction and sentence.