**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Respondent–Appellee,

v.

EDDIE KAY COPEMAN,

      Petitioner–Appellant.

No. 09-7046
(D.C. Nos. 6:07-CV-00328-RAW-KEW
and 6:03-CR-00009-RAW-1)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Eddie Copeman, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition. Because Copeman fails to identify any error in the district court's analysis, we

deny a COA and dismiss.

**I**

Copeman was convicted on seven counts involving drug and firearm offenses.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After this court upheld his conviction on direct appeal, see United States v. Blunt, 187 Fed. App'x 821 (10th Cir. 2006) (unpublished), Copeman filed a § 2255 habeas petition advancing seventeen grounds for relief, each related to alleged ineffective assistance of counsel.

The district court initially denied his petition without an evidentiary hearing. However, after this court entered an order seeking clarification of the district court's disposition, the district court vacated its prior order and referred the petition to a magistrate judge for an evidentiary hearing and appointment of counsel. Shortly thereafter, the district court reversed course yet again. The court explained that it "regrets its (to put it favorably) 'evolving' rulings in this case" but that, upon further consideration, "the court is now of the view that an evidentiary hearing is not required." It then considered and rejected each of Copeman's asserted grounds for relief and denied a COA.

## II

A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Copeman to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Copeman first argues that the district court erred by denying appointed counsel after it entered an order granting an evidentiary hearing. He cites to cases that hold the appointment of counsel mandatory under Rule 8 of the Rules Governing § 2255 Motions. See, e.g., Shepherd v. United States, 253 F.3d 585, 586-87 (11th Cir. 2001). However, these cases consider petitioners who were forced to appear at evidentiary hearings without the assistance of counsel. Here, the court found that an evidentiary hearing was not required because "the motion and the files and the records of the case conclusively show that the [movant] is entitled to no relief." (Quoting 28 U.S.C. § 2255(b) (alteration in original).) Because no evidentiary hearing was conducted, appointment of counsel was not mandatory.

Copeman next argues he was denied due process because he was not provided an opportunity to respond to a magistrate judge's recommendations. He is apparently referring to the district court's January 12, 2009 order which referred the case to a magistrate judge for an evidentiary hearing. But the magistrate judge never prepared recommendations because, as noted above, the district court decided an evidentiary hearing was unnecessary. Accordingly, Copeman's contention is meritless.

In his third proposition of error, Copeman states that he has newly discovered evidence of police, prosecutorial, and judicial misconduct. Although he cites generally to a forty-three-page appendix, Copeman does not explain how the alleged newly discovered evidence warrants reversal of the district court or entitles him to habeas relief. The appendix contains several affidavits asserting that a police officer stole some of

Copeman's property, but such conduct, although reprehensible if true, would not invalidate Copeman's convictions. Other material suggests that jail trustees were used to provide manual labor during the search of Copeman's property under the supervision of law enforcement personnel. Once again, however, Copeman does not explain how this information provides a basis for habeas relief.

In his last argument, Copeman claims that the district court failed to "meaningfully" address the seventeen issues his petition raised. This claim is incorrect. In a nineteen-page order, the district court carefully considered each of Copeman's arguments, properly rejecting each as a ground for habeas relief.

Finally, in a section following his asserted errors, Copeman purports to conduct a "point for point" reply to the district court's order. This section of the brief consists largely of ad hominem attacks on the district court judge. Copeman addresses only a few of the court's holdings. Many of the arguments in this section are simply unsupported assertions. Others fail to squarely address the court's rulings. For example, in response to the court's rejection of Copeman's claim that his counsel failed to uncover inaccuracies in a portion of a search warrant affidavit reciting a police officer's training and experience, Copeman points to the transcript of his attorney arguing that a search warrant failed to adequately describe the property to be searched. His arguments demonstrate, at best, conflicting testimony between law enforcement and defense witnesses. Nothing in this "point by point" reply demonstrates error by the district court.

**III**

Because Copeman has failed to point to any error in the district court's order, we **DENY** his request for a COA and **DISMISS** the appeal.  All pending motions are **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge