**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE COPEMAN,

        Petitioner - Appellant,

v.

M. TRAVIS BRAGG,

        Respondent - Appellee.

No. 09-7106
(D. E.D. Okla.)
(D.C. No. 6:09-CV-00322-RAW-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

      After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

      Eddie Copeman, a federal prisoner appearing pro se[1] and *in forma pauperis*, seeks a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2241 petition, which the district court construed as a second or successive 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

---

      [1] We liberally construe Copeman's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## I.  BACKGROUND

Copeman was convicted of various drug and firearm offenses and sentenced to 360 months imprisonment.  We affirmed his convictions and sentence on direct appeal. *See United States v. Blunt*, 187 Fed. Appx. 821 (10th Cir. 2006) (unpublished).  Copeman filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, alleging seventeen grounds of ineffective assistance of counsel.  The district court denied the motion; we denied Copeman's subsequent request for a COA.  *See United States v. Copeman*, 351 Fed. Appx. 291, 293 (10th Cir. 2009) (unpublished).

Copeman filed a petition under 28 U.S.C. § 2241 claiming actual innocence based on newly discovered evidence.  He alleged he was "framed for the illegal acts of Richard Williams" because he supported the "losing Candidate in a Sheriff Election."  (R. Vol. I at 7.)  Attached to his petition were affidavits from Robert Harper and Ritchie Lynch supporting his actual innocence claim.

The district court determined the petition was a second or successive 28 U.S.C. § 2255 motion and dismissed it without prejudice for lack of jurisdiction because Copeman had not obtained this Court's authorization prior to filing it.[2]  In doing so, it determined:

> [Harper and Lynch's affidavits] simply offer[] those affiants' views that [Copeman] was not guilty.  They do not warrant a hearing seeking to overturn the overwhelming evidence of guilt manifest in the trial transcript of this case.  Indeed, [Copeman] has presented nothing to indicate the trustworthiness of the affidavits themselves.

(*Id.* at 18.)  While the court recognized it could transfer the case to this Court rather than

---

[2] Because the district court's dismissal without prejudice disposed of the entire case, it is final and appealable.  *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).

dismiss, it determined the interests of justice did not require a transfer as the petition would be time-barred and "is in any event not likely to have merit." (*Id.* at 19.) The district court denied Copeman's subsequent motion to vacate the judgment.[3]

## II.  DISCUSSION

To appeal from the dismissal of an unauthorized § 2255 motion, a petitioner must first obtain a COA.  S*ee United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because Copeman has not sought a COA with this Court, we will treat his notice of appeal as an application for a COA.  *See United States v. Gordon*, 172 F.3d 753, 753-54 (10th Cir. 1999); *see also* Fed. R. App. P. 22(b)(2).  "In order to secure a COA, a petitioner must show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Harper*, 545 F.3d at 1233 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).  Here, the district court construed Copeman's § 2241 petition as an unauthorized second or successive § 2255 motion and dismissed it for

---

[3] The case was initially assigned to the Honorable Frank H. Seay who referred the case to a magistrate judge for report and recommendation.  *See* 28 U.S.C. § 636.  The magistrate judge directed respondent to show cause why the writ should not issue by filing an answer to the petition.  Before respondent could answer, the case was reassigned to the Honorable Ronald A. White.  Judge White struck the referral of the case to the magistrate judge, as well as the order to show cause, and dismissed the case for lack of jurisdiction.  Copeman claims Judge White erred in striking the referral to the magistrate judge and order to show cause.  We discern no error.  District courts have broad discretion to assign cases to particular judges.  *United States v. Pearson*, 203 F.3d 1243, 1256 (10th Cir. 2000).  Although not clear, it appears the case was reassigned to Judge White because he presided over Copeman's criminal proceedings and first § 2255 motion.  *See* E.D. Okla. Local R. 40.1(d) (Civil).  And, recognizing the obvious jurisdictional bar, Judge White properly struck the reference to the magistrate judge as well as the order to show cause.

lack of jurisdiction.[4]  The court's decision was not reasonably debatable.

Unless it is inadequate or ineffective, 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner to test the validity of his conviction and sentence.  *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Because Copeman's petition challenges the validity of his convictions, it seeks § 2255 relief.  The § 2255 remedy will be "inadequate or ineffective only in extremely limited circumstances."  *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  Copeman has not shown the remedy afforded by § 2255 is inadequate or ineffective.  Therefore, despite its label, Copeman's § 2241 petition is clearly a second or successive § 2255 motion.  *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.").  And, because he failed to obtain authorization from this Court prior to filing it, the district court properly dismissed it for lack of jurisdiction.  *Id.* at 1149.  Moreover, the court properly exercised its discretion in dismissing the petition for want of jurisdiction rather than transferring the action to this Court.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("Where there is no risk that a meritorious successive claim will be lost absent a . . . transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this

---

[4] District courts should generally not recharacterize a petition for post-conviction relief as a § 2255 motion without providing notice to the petitioner.  *See United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).  That proposition does not apply here, however, because Copeman previously filed a § 2255 motion.  *See United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002).

court for authorization.").

        We **DENY** a COA and **DISMISS** the appeal.

                              **Entered by the Court:**

                              **Terrence L. O'Brien**
                              United States Circuit Judge