**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HARRY JAMAR GORDON,

    Defendant-Appellant.

No. 98-4054

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 97-CV-322)

---

Submitted on the briefs:

Bruce C. Lubeck, Assistant United States Attorney, and Wayne T. Dance, Assistant United States Attorney, (Paul M. Warner, United States Attorney, with them on the brief) Salt Lake City, Utah, for Plaintiff-Appellee.

Vicki Mandell-King, Assistant Federal Public Defender, (Michael G. Katz, Federal Public Defender, with her on the brief) Denver, Colorado, for Defendant-Appellant.

---

Before **BALDOCK**, **EBEL**, and **LUCERO**, Circuit Judges.[*]

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BALDOCK**, Circuit Judge.

Defendant Harry Jamar Gordon appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence.[1] After denying Defendant's § 2255 motion, the district court did not grant his application for a certificate of appealability ("COA"). Although Defendant did not renew his request for a COA in this court, we construe his notice of appeal as such a request. See Fed. R. App. P. 22(b)(2). Therefore, we must address whether a COA should issue for which, if any, of Defendant's claims. See 28 U.S.C. § 2253(c)(1)(B) ("unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from — . . . the final order in a proceeding under section 2255").

I.

First, we address whether a COA should issue for Defendant's claims arising from alleged violations of Fed. R. Crim. P. 32. In his § 2255 motion, Defendant argued that the sentencing court violated: (1) Fed. R. Crim. P. 32(c)(3)(A) by failing to ensure that Defendant reviewed the presentence report; and (2) Fed. R. Crim. P. 32(c)(1) by failing to recognize and resolve factual inaccuracies in the presentence report. In order for a COA to issue, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Defendant's claims are based, not on constitutional

---

[1] The facts and procedural history of this case are set forth in United States v. Gordon, 4 F.3d 1567 (10th Cir. 1993), and will not be repeated here.

2

violations, but instead on violations of Rule 32. Defendant argues, however, that a COA should issue, not only for constitutional violations, but also for violations of federal law. In response, the Government argues that the language of § 2253(c)(2) plainly limits COAs to denials of constitutional rights.

In Young v. United States, 124 F.3d 794 (7th Cir. 1997), the Seventh Circuit addressed this issue in regard to a Bailey v. United States, 516 U.S. 137 (1995), challenge to an 18 U.S.C. § 924(c) conviction. Recognizing that an incorrect application of the terms "use" or "carry" in § 924(c) does not violate any rule of constitutional law, the court concluded that § 2253(c)(2) does not permit a COA to issue on a purely statutory claim. Young, 124 F.3d at 799.[2] In United States v. Harfst, –F.3d– , 1999 WL 71527 (10th Cir. Feb. 16, 1999), we cited Young with approval, and stated that while "nonconstitutional sentencing issues" are "proper bases for [a] defendant to proceed in the district court, . . . [these claims] would not support issuance of a certificate of appealability because they do not assert the denial of a constitutional right." Id. at *3.

In support of his contrary position, Defendant points to § 2255, which allows for the filing in *district court* of a motion to vacate, set aside or correct a sentence imposed in

---

[2] The procedural posture of Young differs slightly from the present case, because in Young the district court granted the COA. 124 F.3d at 799. After discussing why a COA should not have issued on a statutory claim, the court addressed the appeal on the merits because a COA had been issued, the government had not challenged the issuance of the COA, and the use of the COA as a screening device had already been defeated. Id. Our case differs because no COA has been granted in this case and the Government opposes issuance of one.

violation of "the Constitution or the laws of the United States." 28 U.S.C. § 2255. Defendant urges us to read § 2253(c)(2) in tandem with § 2255 and hold that a COA may issue if a defendant makes a substantial showing of the denial of a *federal* right. We decline to read such language into the statute. We find no inconsistency between § 2255 and § 2253(c)(2). The two provisions address different steps in the judicial process. Congress, in enacting § 2253(c)(2), differentiated between the type of petition that can be filed and the type that can be appealed. See Young, 124 F.3d at 799. Petitions may be filed in district court alleging violations of the Constitution *or* federal law. The claims may only be appealed, however, if they involve the denial of *constitutional* rights. Id. Applying the plain language of § 2253(c)(2), we may not issue a COA for Defendant's nonconstitutional Rule 32 claims.

Alternatively, Defendant argues, relying on United States v. Gattas, 862 F.2d 1432 (10th Cir. 1988), that the violations of federal law he alleges constitute "fundamental defects" which compel the issuance of a COA. We disagree. In Gattas, we held that a sentencing court's violations of Rule 32(c)(3)(D), by failing to make a written record of its resolution of contested matters in the PSR and by failing to attach the record to the PSR, were "a significant enough part of the sentencing process to support an action under Section 2255." Gattas, 862 F.2d at 1434 (emphasis added).

By relying on Gattas, Defendant seems to argue that because we have held that certain Rule 32 violations are cognizable under § 2255, we must grant a COA on his Rule

32 claims in order to be consistent. Defendant fails to recognize that Gattas addressed the type of claims that can be brought under § 2255, not the type of claims for which a COA may be granted under § 2253(c)(2). In Gattas, we delineated the scope of § 2255. Not every violation of federal law can be remedied under § 2255. See United States v. Talk, 158 F.3d 1064, 1069 (10th Cir. 1998). Only if the violation constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure" can § 2255 provide relief. Id. (internal quotations omitted). Although our circuit precedent classifies certain Rule 32 violations as fundamental defects, cognizable under § 2255, § 2253(c)(2) precludes the grant of a COA on such nonconstitutional claims.[3] Accordingly, we deny Defendant's request for the issuance of a COA for the alleged violations of Rule 32.[4]

## II.

[3] Significantly, when Gattas was decided certificates of appealability were not yet required. Instead, courts granted certificates of probable cause, which issued "upon a substantial showing of the denial of an important *federal* right." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (emphasis added). This much broader standard would have encompassed Defendant's nonconstitutional claims. Congress replaced the probable cause standard with § 2253(c)(2) and, in doing so, chose to limit appeals to constitutional claims.

[4] We note that although a COA will not issue on the alleged Rule 32 violations, the merits of Defendant's related due process claims arising from alleged factual inaccuracies in the PSR will be addressed upon remand to the district court. See Part II, supra.

5

Defendant next argues that the district court erred in dismissing his remaining claims as procedurally barred.[5] In his § 2255 motion, Defendant claims his due process rights were violated because he was sentenced on the basis of incorrect information and denied an evidentiary hearing. Defendant also raised an ineffective assistance of counsel claim based on the conduct of substitute counsel. Because we conclude that the district court erroneously determined that these claims were procedurally barred, we grant a COA for these constitutional claims.

The district court found that Defendant's due process claims and his claim of ineffective assistance of *substitute* counsel were procedurally barred because they were raised and disposed of in Defendant's direct appeal. See United States v. Gordon, 4 F.3d 1567 (10th Cir. 1993) ("Gordon I"). In the response brief, the Government conceded that the district court erred when it found that these claims were procedurally barred by Gordon I. After reviewing the briefs, the record, and our opinion in Gordon I, we agree that the claims are not procedurally barred.

In Gordon I, Defendant argued that his guilty plea was involuntary because of *original* counsel's failure to: (1) inform Defendant that relevant conduct would be considered in his sentencing; (2) inform Defendant of his Fifth Amendment privilege against self-incrimination during the presentence interview; (3) obtain Defendant's PSR

---

[5] The district court concluded that all of Defendant's claims were procedurally barred. We need not decide whether the district court properly concluded that the Rule 32 claims were barred, however, because we declined to a issue a COA for those claims.

6

and request an evidentiary hearing. Defendant also argued that the district court abused its discretion by denying his motion to withdraw his guilty plea and that his Fifth Amendment rights were violated because statements he made during the presentence interview were used against him. The claims in Gordon I did not include a due process claim.

Furthermore, the § 2255 claim of ineffective assistance of counsel differs from the Gordon I claim in two significant ways. First, the § 2255 claims involve the conduct of *substitute* counsel, not *original* counsel. Gordon I involved the conduct of original counsel only.

Second, the factual predicate for the claims differ. In the § 2255 motion, Defendant alleges substitute counsel was ineffective for not disclosing the PSR to Defendant or discussing it with him, and by failing to bring to the attention of the sentencing court factual inaccuracies in the PSR which were relevant to determinations of relevant conduct and acceptance of responsibility.[6] In Gordon I, Defendant challenged original counsel's failure to obtain the PSR, not counsel's failure to provide the PSR to Defendant. In fact, in Gordon I, we determined that the record showed that original counsel had indeed obtained the PSR. Gordon I did not address allegations that counsel

_____

[6] We note that substitute counsel represented Defendant in his direct appeal, as well as at sentencing, and appropriately did not raise claims of his own ineffectiveness as a ground for appeal. See United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir. 1995) (en banc).

7

was ineffective for failing to provide the PSR to Defendant.   Defendant argues that if he had been privy to the PSR, he could have informed counsel of factual inaccuracies which affected relevant conduct and acceptance of responsibility.  We also did not consider in Gordon I, whether counsel was ineffective for failing to challenge *factual* inaccuracies in the PSR.   Because these claims differ from those raised in Gordon I, Defendant is not foreclosed from pursuing § 2255 review.  See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (absent intervening change in law, issues disposed of on direct appeal may not be considered on § 2255 collateral attack).   Accordingly, we remand to the district court for consideration of the merits of these claims.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.