**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARSHALL D. SEITTER,

Defendant - Appellant.

No. 07-3247
(D. Kansas)
(D.C. No. 03-CR-10129-JTM)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **SEYMOUR,** and **McCONNELL**, Circuit Judges.

Marshall D. Seitter's sentence of probation was revoked, and a term of imprisonment was imposed, after Seitter violated the terms of his probation. Seitter challenges his sentence pursuant to 28 U.S.C. § 2255. He argues the district court erroneously based the term of imprisonment solely on his need for rehabilitation, in violation of 28 U.S.C. § 3582(a), and his counsel was constitutionally deficient. We conclude a certificate of appealability ("COA") cannot be granted because Seitter has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, this court **DENIES** Seitter's implied request for a COA and **DISMISSES** the appeal.

## I. Background

Seitter received a sentence of probation after pleading guilty to receipt of child pornography. The district court revoked his probation after it found Seitter was in violation of its terms and conditions and sentenced him to twenty-eight months' imprisonment. The district court based the length of the term of imprisonment on the availability of a sexual offender treatment program in prison. Seitter, however, was not admitted to the treatment program because the program had placed a moratorium on new admissions in preparation for changes under the Adam Walsh Act. Pub. L. No. 109-248, 120 Stat. 587 (2006).

Seitter did not appeal the sentence, but challenged it under 28 U.S.C. § 2255. He argued before the district court, in relevant part, that the sentencing court had erred because it had fashioned the length of his term of imprisonment solely for rehabilitative purposes. Seitter argued the district court violated 18 U.S.C. § 3582(a), which should have applied to his sentencing. Thus, he argued, he was entitled to relief under § 2255(a) because his sentence was "imposed in violation of the Constitution or laws of the United States."

The district court denied Seitter's § 2255 motion. Operating under the assumption Seitter's sentencing flowed from a revocation of supervised release, the district court determined Tenth Circuit case law established § 3582(a) did not apply to revocations of supervised release. *See United States v. Tsosie*, 376 F.3d

1210, 1217 (10th Cir. 2004). Seitter's sentence, however, actually flowed from a revocation of probation rather than a revocation of supervised release.[1]

## II. Discussion

Seitter appeals the denial of his § 2255 motion, arguing § 3582(a) does apply to the imposition of a term of imprisonment after the revocation of probation and the district court erred when it determined the length of his sentence solely for rehabilitative purposes. He also alleges his counsel was constitutionally ineffective for failing to raise this argument at his sentencing.

To be entitled to a certificate of appealability, Seitter must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In deciding whether Seitter has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Seitter need not demonstrate that his appeal will

---

[1]The district court was led to conclude the proceeding was a revocation of supervised release both by Seitter, who referred both to supervised release and probation in his motion, and the government, which labeled the proceeding as a revocation of supervised release.

succeed to be entitled to a certificate of appealability, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* at 337, 338 (quotations omitted).

## A. *Section 3582(a) Claim*

Seitter's § 3582(a) claim asserts he was sentenced in violation of the laws of the United States. Statutory claims are cognizable in the district court under § 2255. A certificate of appealability, however, can only be granted if the movant has made "a substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2) (emphasis added). Because this issue does not have constitutional dimensions, we cannot grant a certificate of appealability, regardless of the merits of the argument. *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) ("[N]o matter how clearly the § 2255 movant can show that the district court erred in denying a statutory claim in his habeas petition, he is not entitled to a COA to have his claim heard on appeal."); *United States v. Gordon*, 172 F.3d 753, 755 (10th Cir. 1999).

## B. *Ineffective Assistance of Counsel*

Seitter alleges his sentence was constitutionally defective because his counsel provided ineffective assistance when he failed to raise the issue of § 3582(a)'s applicability to his sentencing hearing. Seitter did not, however, present this argument in his motion before the district court. Seitter argues his brief statement in his motion that "defense counsel glaringly failed to raise [the

§ 3582(a) issue]" provided sufficient notice of his intent to raise an ineffective assistance claim. We cannot agree. This statement was without support or context sufficient to alert the district court that a Sixth Amendment claim was presented. "[V]ague, arguable references to a point in the district court proceedings do not preserve the issue on appeal." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (alterations and quotation omitted). This court generally does not address arguments presented for the first time on appeal and we see no reason to do so here. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).[2]

## III. Conclusion

For the reasons stated above, this court **DENIES** Seitter a certificate of appealability and **DISMISSES** the appeal. In so holding we express no opinion on whether a 60(b) motion urging the district court to reconsider its decision on the § 2255 motion based on a misunderstanding of the nature of the underlying

---

[2]Further, to prevail on this claim, Seitter must demonstrate his "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail under *Strickland*, "a petitioner must show that his trial counsel committed serious errors in light of prevailing professional norms." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) (quotation omitted). The case law concerning § 3582(a)'s application to a revocation of probation is far from settled, with no circuit court addressing the question directly. Based on the extant nature of the case law, Seitter's counsel did not fall below the prevailing professional norms in failing to raise the issue.

proceedings would be considered a "true" 60(b) motion. *Gonzalez v. Crosby*, 545

U.S. 524, 532 (2005).

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk