**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL WAYNE FARNER,

      Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden,

      Respondent - Appellee.

No. 08-7053

(E.D. Oklahoma)

(D.C. No. 6:03-CV-00143-RAW-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

Russell Farner's application for a writ of habeas corpus under 28 U.S.C. § 2254 was denied by the United States District Court for the Eastern District of Oklahoma on March 8, 2006. He did not appeal. On April 2, 2008, over two years later, Mr. Farner moved the court under Federal Rule of Civil Procedure 60(b)(6) to vacate its judgment, reinstate his habeas application, and deny the application so that he could file a timely appeal. In support of his motion, Mr. Farner argued that he had always wanted to appeal, but that his attorney had failed to notify him that his application had been denied until after the time for filing an appeal had passed. The district court ruled that Mr. Farner's motion was a "true" Rule 60(b) motion, not a second or successive habeas application, but

denied the motion as untimely. Mr. Farner now seeks review in this court. We deny a certificate of appealability (COA) and dismiss the appeal.

The district court may relieve a party from a final judgment for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), if the party files for relief "within a reasonable time," *id.* 60(c). There has been some confusion regarding when a postjudgment motion in a § 2254 proceeding is a "true" Rule 60(b) motion or a successive § 2254 application. But the Supreme Court has provided clarification. We now know that a "true" Rule 60(b) motion "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted). Mr. Farner's Rule 60(b)(6) motion, which contended that he had been denied the ability to appeal the denial of his application because his attorney had failed to notify him of the denial, challenged the integrity of the federal habeas proceeding. He did not assert in the motion a federal basis for the district court to vacate his underlying conviction. *See id.* at 1215. Thus, we agree with the district court that Mr. Farner's motion was a "true" Rule 60(b) motion rather than a second or successive habeas application.

Before we can review the denial of a Rule 60(b) motion in a § 2254 case, a COA must issue. *Id.* at 1217–18. Although Mr. Farner has not filed a formal request for a COA, we treat his notice of appeal as an application for a COA. *See United States v. Gordon*, 172 F.3d 753, 753–54 (10th Cir. 1999); Fed. R. App. P. 22(b)(2). Because the district court disposed of Mr. Farner's motion on a procedural ground, he cannot obtain a COA unless he makes two showings: "[1] that jurists of reason would find it debatable whether [his § 2254 application] states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Spitznas*, 464 F.3d at 1225 (internal quotation marks omitted). Because he fails to make the second showing, we need not address the first.

Mr. Farner's Rule 60(b)(6) motion, which requested the district court to vacate and then reinstate its judgment, in essence requested the court to grant him leave to file a late notice of appeal from the denial of his § 2254 application. But Federal Rule of Appellate Procedure 4(a) governs the timeliness of a notice of appeal. A notice of appeal in a § 2254 proceeding ordinarily must be filed within 30 days after entry of the order or judgment appealed from. Fed. R. App. P. 4(a)(1)(A). Rule 4(a)(5) allows the district court, on a showing of excusable neglect or good cause, to extend the time to file a notice of appeal if a party so moves within 60 days after entry of the judgment or order appealed from. But

-3-

after the 60 days have passed, Rule 4(a)(6) allows the district court to reopen the time to file an appeal

> only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) *the motion is filed within 180 days after the judgment* or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). Although Federal Rule of Civil Procedure 77(d)(1) requires that parties be notified immediately after the district court enters an order or judgment in their case, "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)," Fed. R. Civ. P. 77(d)(2).

Thus, when Mr. Farner filed his Rule 60(b)(6) motion, two years after entry of judgment, the Federal Rules of Appellate and Civil Procedure barred granting him relief to file an appeal. A court cannot circumvent that prohibition by invoking Rule 60(b)(6). As we stated in *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000):

> [W]e see no latitude on the clear and restrictive language of Rule 4(a)(6). . . . [T]he addition of that rule was designed to respond to

-4-

the circumstances that had prompted courts to use Fed. R. Civ.
P. 60(b)(6) to circumvent the deadlines specified by Fed. R. App.
P. 4(a)(5). . . . [T]he specificity of Rules 4(a)(6) and 77(d) precludes
the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.

(internal quotation marks omitted).

Finally, to the extent that Mr. Farner may be arguing that he is entitled to the relief sought on the ground of ineffectiveness of counsel, we note that he had no constitutional right to effective assistance of counsel in his § 2254 proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (no constitutional right to counsel in state postconviction proceedings); *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel in § 2254 proceedings).

Accordingly, we DENY Mr. Farner's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge