**UNITED STATES COURT OF APPEALS**

**September 30, 2009**

**FOR THE TENTH CIRCUIT**

DERWLYN ROSBOROUGH,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 09-8021
(D.C. No. 2:08-CV-00245-ABJ)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Derwlyn Rosborough is incarcerated at the Federal Correctional Institution in Safford, Arizona, serving a twenty year sentence imposed by the District of Wyoming for possession with intent to distribute cocaine, *United States v. Rosborough*, 366 F.3d 1145, 1148 (10th Cir. 2004). In 2006 the district court, in a thorough eighteen page order, denied Mr. Rosborough's first motion to vacate,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Mr. Rosborough did not appeal that ruling. But in 2008, he filed a pleading captioned as a "Verified Petition Under 28 U.S.C. § 2241." R., Doc. 1. The district court dismissed the petition for lack of jurisdiction, finding that it "constitutes an attempt at filing a second 28 U.S.C. § 2255 petition," *Rosborough v. United States*, No. 08-CV-245-J, at 2 (D. Wyo. Dec. 18, 2008).[1] In order to file a second or successive § 2255 motion, as noted by the district court, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). Because Mr. Rosborough had not received permission from this court to proceed, the district court faced two options. It could transfer the action to this court to consider whether to permit the second § 2255 motion, or it could dismiss the petition for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The district court chose the latter option. Mr. Rosborough subsequently filed a motion for reconsideration, which the district court denied. He then filed a motion to proceed in forma pauperis on appeal, which the district court granted. He now

---

[1]    The district court also noted that it could not entertain the petition because Mr. Rosborough erroneously filed it in Wyoming instead of in the district where he is confined. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined.").

appeals, pro se, challenging only the district court's dismissal of his § 2241 petition.[2]

To appeal a district court's dismissal of an unauthorized § 2255 motion in circumstances such as these, a petitioner must first obtain a certificate of appealability (COA). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Mr. Rosborough did not seek a COA, but we will treat his notice of appeal as an application for a COA. *See United States v. Gordon*, 172 F.3d 753, 753-54 (10th Cir. 1999); Fed. R. App. P. 22(b)(2). "In order to secure a COA, a petitioner must show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Harper*, 545 F.3d at 1233 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

As previously noted, the district court construed Mr. Rosborough's § 2241 petition as an unauthorized second § 2255 motion.[3] Thus, whether he is entitled to a COA depends on whether the district court's dismissal is subject to reasonable debate. We conclude it is not.

---

[2]   We liberally construe Mr. Rosborough's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[3]   Although we have instructed district courts not to recharacterize a prisoner's petition for post-conviction relief as a § 2255 motion without providing notice to the petitioner, *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000), that instruction is inapplicable where, as here, the petitioner has previously filed a § 2255 motion, *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

Mr. Rosborough's petition challenges the validity of his conviction and sentence, taking issue with the plea agreement under which he was convicted, counsel's effectiveness, and the district court's jurisdiction. As such, Mr. Rosborough clearly seeks substantive § 2255 relief, and the district court's decision to construe the petition as a § 2255 motion was unquestionably correct. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir.) (explaining that a § 2255 motion challenges the "propriety of the federal conviction or sentence" as imposed, whereas a § 2241 motion challenges the execution of the federal sentence), *cert. denied*, 129 S. Ct. 430 (2008); *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). Moreover, the district court properly exercised its discretion to dismiss Mr. Rosborough's petition for want of jurisdiction. *See In re Cline*, 531 F.3d at 1252. Hence, no reasonable jurist would debate the court's decision to dismiss the petition, and Mr. Rosborough thus fails to satisfy the standards for issuance of a COA.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

-4-