[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13408

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-cv-1701-Orl-31GJK

DOLAN DARLING,
a.k.a. SEAN SMITH

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before EDMONDSON, MARCUS and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

Dolan Darling, a Florida inmate sentenced to death, applies for a certificate of appealability to appeal the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Darling has failed to make a substantial showing of the denial of a constitutional right. We deny his application.

## I. BACKGROUND

A jury convicted Darling of the murder and sexual battery of Grazyna ("Grace") Mlynarczyk. Darling v. State (Darling I), 808 So. 2d 145, 153 (Fla. 2002). The evidence at trial proved that, on the morning of October 29, 1996, Darling raped Grace in her apartment and shot her, from close range through a pillow, in the back of her head, killing her instantly. Id. at 148–50. After a penalty proceeding during which Darling presented four witnesses who testified about his character and difficult childhood, which included an abusive father, the jury recommended a sentence of death by a vote of 11 to 1. Id. at 153–54. The trial court, which found two statutory aggravating circumstances, one statutory mitigating circumstance, and several nonstatutory mitigating circumstances, accepted the recommendation of the jury. Id. at 154.

Darling raised numerous arguments in his direct appeal, only one of which is relevant to his application for a certificate of appealability. Darling, who is a

2

citizen of the Bahamas, argued that when the police arrested him they never told him of his right to contact the Bahamian consulate in violation of the Vienna Convention on Consular Relations, art. 36, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. Darling I, 808 So. 2d at 165. Darling argued that to remedy this violation of the Vienna Convention, the Florida Supreme Court should bar the state from executing him for the murder of Grace. Id. The Florida Supreme Court rejected this argument and the other arguments that Darling presented on direct appeal. The Supreme Court of the United States denied Darling's petition for a writ of certiorari. Darling v. Florida, 537 U.S. 848, 123 S. Ct. 190 (2002).

In September 2003, Darling filed a motion for postconviction relief, under Florida Rule of Criminal Procedure 3.851, and argued several grounds for relief, two of which are relevant to his application for a certificate of appealability. Darling v. State (Darling II), 966 So. 2d 366, 373 (Fla. 2007). First, Darling argued that his trial attorneys were ineffective for not objecting to the prosecutor's suggestion to the venire panel that, in certain circumstances, Florida law would require jurors to vote in favor of a sentence of death. Id. at 384–86. Second, Darling argued that his attorneys were ineffective for not investigating and presenting evidence of mitigation during the penalty phase. Id. at 376–78.

3

After an evidentiary hearing, the state trial court denied relief, and the Florida Supreme Court affirmed.  Id. at 375, 388.  Darling also filed in the Florida Supreme Court a petition for a writ of habeas corpus that alleged ineffective assistance of appellate counsel, and the Florida Supreme Court denied that petition.  Id. at 386–87.

In October 2007, Darling filed a federal petition for a writ of habeas corpus in the district court.  Darling alleged nine grounds for relief and the district court rejected them all.  Darling v. Sec'y, Fla. Dep't of Corr., No. 6:07-cv-1701-Orl-31GJK (M.D. Fla. June 17, 2010).  The district court also denied Darling a certificate of appealability.  Id.

## II.  STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

This Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003).  "Where, as here, the Antiterrorism and Effective Death

4

Penalty Act ('AEDPA') applies, [w]e look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010) (alteration in original) (internal quotation marks omitted).

## III.  DISCUSSION

Darling's application requests a certificate of appealability on three grounds.  Darling argues, first, that his trial attorneys were ineffective for failing to object when the prosecutor told prospective jurors that, in certain circumstances, Florida law would require them to vote in favor of a sentence of death.  He contends, second, that his trial attorneys did not adequately investigate and present evidence of mitigation at the penalty phase.  Darling argues, third, that his death sentence violates the Vienna Convention and the Supremacy Clause of the Constitution and should be vacated.  We conclude that Darling has not made a substantial showing of the denial of a constitutional right and deny his application for a certificate of appealability.

*A.  Ground One: Ineffective Assistance of Counsel for Failure to Object to Prosecution Statements About a Mandatory Death Penalty*

Darling argues that, during voir dire, the prosecutor more than once told prospective jurors that, in certain circumstances, Florida law would require them

5

to recommend a sentence of death and that his trial attorneys were constitutionally ineffective for failing to object to those misstatements of Florida law. The Florida Supreme Court found that Darling's attorneys objected when the prosecutor first misstated Florida law, but did not object when the prosecutor later told members of the venire panel that they must take an oath to follow the law, that "'[i]n a case of this type, the law might lead as you analyze it to vote for death,'" and that "'you might be compelled to vote to impose death, if that's what the law called for.'" Darling II, 966 So. 2d at 385. The Florida Supreme Court conceded that Darling's attorneys' failure to object to those statements created "an arguable basis for a finding of deficiency" because "comments to the effect that if the aggravators outweigh the mitigators, a recommendation of a death sentence is mandatory, misstate the law." Id. Nevertheless, the Florida Supreme Court denied relief because, after the prosecutor's comments, the trial court correctly instructed the jury about "the weighing process involved in deciding what sentence to recommend." Id. at 386. Consequently, Darling could not prove prejudice under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), from his attorneys' inadequate performance. Darling II, 966 So. 2d at 386.

No reasonable jurist could debate the decision of the district court to deny relief on this claim. The Florida Supreme Court accurately described the

6

statements of the prosecutor and the instructions of the trial court.  Darling

concedes that the instructions of the trial court "are consistent with the law" but

complains that they did "not specifically instruct the jury that a death

recommendation requirement does not exist."  The Florida Supreme Court was

entitled to conclude that the instructions, which informed each juror that he was

"'free to assign whatever weight you find appropriate to the aggravating and

mitigating circumstances'" and to "'make you[r] own judgment about the

appropriate penalty in light of the weighing process,'" id., adequately cured any

harm from the prosecutor's earlier misstatements about the law.  See Johnson v.

Alabama, 256 F.3d 1156, 1183–85 (11th Cir. 2001); Shriner v. Wainwright, 715

F.2d 1452, 1459 (11th Cir. 1983).  Jurists of reason could not disagree that the

decision of the Florida Supreme Court is, at least, a reasonable application of

clearly established federal law.

*B.  Ground Two: Ineffective Assistance of Counsel for Failure to Investigate and
Present Mitigation Evidence*

Darling contends that his trial attorneys did not adequately investigate and

present evidence of his difficult upbringing or that he suffers from frontal lobe

brain damage.  Darling argues that his attorneys should have had his father,

Carlton, testify about how he abused his son; should have presented to the jury a

7

fuller biographical assessment from a clinical social worker that would have included more evidence that Darling was sexually abused as a child; should have offered testimony about Darling's drug and alcohol abuse, gang involvement, and treatment during his incarceration in a dangerous Bahamian prison; and should have presented expert testimony about his brain damage. He contends that there is a reasonable probability that he would have received a sentence other than death if his attorneys had presented this evidence. We reject these arguments.

The Florida Supreme Court denied relief on this ground. Before that court, Darling pressed the same arguments that he presses here, although he apparently did not argue that his attorneys should have presented evidence of his drug and alcohol abuse or gang involvement. With respect to the evidence of Darling's brain damage, the Florida Supreme Court concluded that Darling's attorneys reasonably relied on the psychological evaluation conducted by Dr. Michael Herkov, which did not recommend that Darling be further evaluated for organic brain damage, and so had not performed deficiently. Darling II, 966 So. 2d at 377–78. With respect to the testimonies of Carlton and the clinical social worker that Darling offered at his postconviction evidentiary hearing, the Florida Supreme Court held that "although Darling did present additional witnesses during the evidentiary hearing who testified with regard to his background with somewhat

8

greater specificity than that presented during the penalty phase, trial counsel was not ineffective for failing to present this largely cumulative evidence." Id. at 378. Finally, with respect to the testimony about Darling's prison experience, the Florida Supreme Court concluded that the testimony offered at the evidentiary hearing did not support a finding that Darling was himself beaten while incarcerated. Id. Consequently, Darling's attorneys were not ineffective for "failing to present mitigation not supported by the record," and, even if they were, Darling could not "establish prejudice on this point because the trial court found that the evidentiary hearing testimony in this regard was inconclusive." Id.

No reasonable jurist could debate the decision of the district court to deny relief on this ground. Darling's trial attorneys conducted a thorough investigation of potential mitigation evidence and presented, through several witnesses, evidence that Darling suffered—mostly at the hands of his father—serious physical, verbal, sexual, and emotional abuse as a child. No reasonable jurist could debate the holding that the fact that Darling has now gathered additional evidence about his background that differs in some minor respects from the evidence actually presented at trial does not render his attorneys' performance deficient and certainly does not render the decision of the Florida Supreme Court objectively unreasonable. See Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318,

1324 (11th Cir. 2002). Nor could a reasonable jurist debate the conclusion that Darling's attorneys were entitled to rely on the psychological evaluation performed by Dr. Herkov, which did not recommend that Darling be further evaluated for brain damage. See, e.g., McClain v. Hall, 552 F.3d 1245, 1252 (11th Cir. 2008). Moreover, no reasonable jurist could debate the conclusion that Darling's attorneys were not ineffective for failing to present evidence that Darling abused drugs and alcohol, was in a gang, and spent time in prison; this evidence was not especially mitigating. Suggs v. McNeil, 609 F.3d 1218, 1231–32 (11th Cir. 2010).

The decision of the district court that, even if Darling could prove that his attorneys performed inadequately, he could not prove that this inadequate performance prejudiced his defense, is also not debatable. The jury found that Darling brutally raped Grace before he shot her in the back of the head and heard that Darling had previously shot a cab driver in the back of the head during a robbery. A reasonable jury also could have easily rejected Darling's evidence that he suffers from frontal lobe brain damage: a state expert who testified at the evidentiary hearing denied that Darling suffered from any frontal lobe damage and instead testified that Darling suffered from antisocial personality disorder. Moreover, the jury heard compelling evidence of Darling's difficult childhood and

10

still overwhelmingly recommended a sentence of death. Darling is not entitled to a certificate of appealability on this ground.

### C. Ground Three: Violation of the Vienna Convention

Darling contends that his death sentence violates the Vienna Convention and the Supremacy Clause of the Constitution. He argues, and Florida does not dispute, that the state failed to comply with the Vienna Convention when it did not, upon Darling's arrest, notify him of his right to contact the Bahamian consulate. He says that "vacatur of the death penalty is a remedy which will ensure that the laws of the state will give full effect to the purposes for which the rights accorded under the [Vienna Convention] are intended."

Darling has not established his entitlement to a certificate of appealability on this ground. On direct appeal, the Florida Supreme Court assumed that the Vienna Convention creates individual rights enforceable in a judicial proceeding, but denied relief because Darling "failed to show that he was prejudiced by the claimed violation" of the Vienna Convention. Darling I, 808 So. 2d at 165–66. In opposition to Darling's application for a certificate of appealability, the state argues that no reasonable jurist could debate the holding of the district court that the decision of the Florida Supreme Court is not contrary to or an unreasonable application of federal law. We doubt that Darling's argument about the Vienna

11

Convention, which is not obviously about the denial of a constitutional right, could support the issuance of a certificate of appealability even if it were arguably meritorious, see United States v. Gordon, 172 F.3d 753, 754 (10th Cir. 1999); Young v. United States, 124 F.3d 794, 799 (7th Cir. 1997); see also Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603 (2000), but even if it could, we agree with the state. Darling has never explained how the failure of Florida to comply with the Vienna Convention affected his conviction or sentence. Absent some explanation, he is not entitled to have his sentence of death set aside. See Breard v. Greene, 523 U.S. 371, 377, 118 S. Ct. 1352, 1355 (1998); Darby v. Hawk-Sawyer, 405 F.3d 942, 945–46 (11th Cir. 2005); United States v. Ortiz, 315 F.3d 873, 887 (8th Cir. 2002).

## IV. CONCLUSION

Darling's application for a Certificate of Appealability is **DENIED**.