**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

XAVIER ARRIOLA-PEREZ,

Defendant–Appellant.

No. 11-8043
(D.C. Nos. 2:07-CV-00328-WFD &
2:01-CR-00099-WFD-1)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Xavier Arriola-Perez, a federal prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas

petition. We deny a COA and dismiss the appeal.

**I**

Arriola-Perez was convicted on two counts related to the possession and

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribution of methamphetamine in 2003.[1]  Over the course of his fifteen-day trial, the

government presented testimony from a number of witnesses linking Arriola-Perez to a

narcotics distribution conspiracy.  Among these witnesses was John Dietrich, a senior

forensic examiner.  Dietrich testified that he lifted Arriola-Perez's fingerprints from a box

containing a scale that was discovered in a shop where authorities found a number of

firearms and four pounds of methamphetamine.  Another witness, Joe Dax, was involved

in the same conspiracy.  Dax's testimony further linked Arriola-Perez to the shop where

the methamphetamine was seized, and indicated that the drugs belonged to Arriola-Perez.

Following Arriola-Perez's conviction, a probation officer prepared a Presentence

Investigation Report ("PSR"), which outlined Arriola-Perez's offense levels and criminal

history categories.  Although it is unclear when he received it, Arriola-Perez indicated to

the judge at sentencing that he had reviewed the PSR.  After considering defense

counsel's objections to the PSR, the district court imposed a sentence of 400 months'

imprisonment followed by five years of supervised release.  We affirmed the conviction

and sentence on appeal.  Arriola-Perez, 137 F. App'x 119.

On August 10, 2007, Arriola-Perez filed a motion to extend the time for filing a

§ 2255 petition.  Acknowledging that Arriola-Perez had been transferred multiple times

---

[1] We discussed the set of facts underlying Arriola-Perez's convictions in greater detail on direct appeal.  United States v. Arriola-Perez, 137 F. App'x 119, 122-25 (10th Cir. 2005) (unpublished).  Arriola-Perez does not contest this recitation of facts, which was relied upon by the district court, and we need not look to any events prior to his arrest to resolve the issues now before us.

during the limitations period, the court granted this motion, giving Arriola-Perez until December 17, 2007 to file his petition. On December 26, 2007, Arriola-Perez filed his § 2255 petition.[2] He later filed a Rule 15(a) motion seeking leave to amend. Fed. R. Civ. P. 15(a). The district court found that the proposed amendments did not relate back to the original § 2255 petition, and were therefore not timely. Construing the 15(a) motion as a motion for leave to file a successive § 2255 petition, the district court transferred the motion to this court while denying relief on Arriola-Perez's remaining claims.

Arriola-Perez filed a motion to remand, claiming that the district court should not have cast his motion to amend as a motion to file a successive petition. We agreed with the district court's conclusion that Arriola-Perez's amendments were, in fact, new claims. Upon making this determination, we denied his motion for remand.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Arriola-Perez must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We liberally construe Arriola-

---

[2] The petition was nevertheless considered timely filed because Arriola-Perez certified that he submitted his petition through the institutional mail system prior to the court's deadline.

Perez's pro se filings.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## A

Arriola-Perez contends that the district court improperly interpreted his Rule 15(a) motion to amend his § 2255 petition as a motion for leave to file a successive petition. We review the district court's legal rulings on a § 2255 petition de novo.  United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998).  However, we already addressed this issue in our July 28, 2011 Order, and determined that the district court acted properly.  In that order, we agreed that Arriola-Perez's amendments were new claims, and as such, his motion must be interpreted as a successive petition.  See United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).  Our review is thus limited to the claims raised in the original habeas petition.

## B

Arriola-Perez next raises four ineffective assistance of counsel claims.  To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), a petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result.  Id. at 688, 694.  Our review of counsel's performance is highly deferential; the petitioner must overcome the presumption that, "under the circumstances, the challenged action might be considered sound trial strategy."  United States v. Taylor, 454 F.3d 1075, 1079 (10th Cir. 2006).  To demonstrate prejudice, the petitioner must show that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The first allegation of counsel's deficient performance stems from an apparent conflict of interest. Specifically, Arriola-Perez alleges that his counsel, Craig Silva, urged him to waive his right to a speedy trial because a partner in Silva's law firm was employed as a magistrate judge in the district. Although it is troubling that Silva asked Arriola-Perez to waive his right to a speedy trial before asking him to sign a form waiving the conflict of interest, Arriola-Perez does not point to anything in the record that suggests his speedy trial waiver was connected to Silva's conflict. Nor does he provide us with evidence that the delay had any adverse effect on the outcome of his case. Accordingly, Arriola-Perez has not shown that "an actual conflict of interest adversely affected his lawyer's performance." Strickland, 466 U.S. at 692.

Next, Arriola-Perez contends that his trial counsel was ineffective for failing to interview the forensic examiner who lifted his fingerprints at the scene of a narcotics bust. The examiner, John Dietrich, lifted the fingerprints from a box containing a scale, and Arriola-Perez faults his counsel for not further clarifying that no prints were found on the scale itself. But at trial, counsel rigorously cross-examined Dietrich, who clearly indicated he could not match Arriola-Perez's fingerprints to any partial prints on the scale. Moreover, counsel pressed Dietrich to admit that he did not know the purpose of the scale, if it had been taken out of the box, or when Arriola-Perez had touched the box.

- 5 -

Counsel thus mitigated any potential confusion and cannot be cast as objectively deficient.

The third ineffective assistance claim arises from trial counsel's alleged failure to cross-examine Joe Dax and present impeachment evidence against him. Yet other than vague references to evidence indicating Dax's propensity to lie, Arriola-Perez fails to substantiate his claim that trial counsel could have impeached Dax. More importantly, defense counsel spent a significant amount of time questioning Dax in front of the jury; the transcript of the cross examination spans more than ninety pages. Absent clearer allegations, any omissions by Arriola-Perez's counsel are presumed to have been strategic decisions. Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir. 2000) (decisions at trial only reach the level of constitutional ineffectiveness if they are "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy" (quotation omitted)).

Arriola-Perez's final ineffective assistance claim relates to his counsel's failure to review his PSR with him prior to sentencing. Counsel's failure to provide a petitioner with a PSR can amount to constitutional ineffectiveness. See United States v. Gordon, 172 F.2d 753, 756 (10th Cir. 1999). The factual record is admittedly ambiguous as to when Arriola-Perez received his PSR and the extent to which he discussed it with his attorney. However, Arriola-Perez does not contest that the sentencing judge asked him if he had a chance to review the PSR, and that he responded affirmatively. Additionally,

unlike the defense attorney in <u>Gordon</u>, Arriola-Perez's counsel did object to several sentence enhancements, and with some success. Neither the record nor the § 2255 petition provides any indication that other objections should have been made at sentencing. As such, we cannot say that petitioner suffered any prejudice. <u>Strickland</u>, 466 U.S. at 694.

C

Lastly, Arriola-Perez argues that the district court erred in denying his motion to supplement the record. Rule 7(a) of the Rules Governing Section 2255 Proceedings grants district courts discretion to direct parties to expand the record. Rules Governing Section 2255 Proceedings for U.S. District Courts 7(a) ("[T]he judge <u>may</u> direct the parties to expand the record by submitting additional materials" (emphasis added)). Arriola-Perez thus did not have a right to supplement the record, and it was within the district court's discretion to refuse his request because expansion was not warranted.

III

Because Arriola-Perez has not shown that his claim is debatable on the merits, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Arriola-Perez's motion to proceed in forma pauperis.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 7 -