**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff - Appellee, | |
| v. | No. 15-4045 |
| | (D.C. Nos. 1:07-CR-00089-TC-1 and |
| **KIM DAVIS BECKSTROM,** | 1:12-CV-00226-TC) |
| | (D. Utah) |
| Defendant - Appellant. | |

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Kim Davis Beckstrom, a federal prisoner, wants to appeal from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. His request for a certificate of appealability (COA) was denied by the district judge, prompting him to reapply in this Court. Because he has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we too deny a COA.

Beckstrom was convicted by a jury of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Because he had two prior felony drug convictions, he was sentenced to a mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). We affirmed and the United States

Supreme Court denied certiorari review. *See United States v. Beckstrom*, 647 F.3d 1012 (10th Cir.), *cert. denied*, 132 S. Ct. 827 (2011).

Beckstrom timely filed a pro se 28 U.S.C. § 2255 motion alleging ineffective assistance of trial counsel. According to his motion, trial counsel rejected a 15-year plea deal offer from the government without consulting him. In support of this claim, he relied on an e-mail he had received in response to a Freedom of Information Act (FOIA) request. This e-mail had been sent to the prosecuting attorney from his trial counsel and refers to "the plea offer" and Beckstrom's requests for new trial counsel and a continuance of the trial. (R. Vol. 1 at 69.)

The district judge appointed counsel and held an evidentiary hearing. The only issue was whether trial counsel failed to communicate a plea offer to Beckstrom. According to Beckstrom's testimony, trial counsel told him the government had offered him a 15-year plea deal which counsel refused because he had been unwilling in the past to accept any deal in excess of 30 months. His trial counsel, on the other hand, denied the existence of a 15-year plea deal or that she had rejected such offer without conveying it to Beckstrom.[1] Trial counsel acknowledged her e-mail to the prosecuting attorney referred to "the plea offer." (R. Vol. 1 at 69.) But, she said, it was a "typo" and should

---

[1] She also explained that prior to her appointment (she was Beckstrom's second counsel), Beckstrom had received a 20-year plea deal from the government which he turned down. After she was appointed, she tried to persuade him to plead guilty to avoid the mandatory life sentence. Each time she broached the subject, he became "angry" and would ask her "if [she] worked for the government or for him." (R. Vol. 3 at 42.) Eventually he told her he would only plead guilty in exchange for a 24- to 30-month sentence.

have referred to "a plea offer."[2] (R. Vol. 3 at 63.) In her testimony, the prosecuting

attorney said the only plea deal offered was 20 years, which Beckstrom refused. The

judge found Beckstrom's testimony unworthy of belief. She credited instead the

testimony of his trial counsel and the prosecuting attorney. She denied the § 2255 motion

and the subsequent request for a COA.

Inexplicably, the combined opening brief and request for a COA Beckstrom filed

with this Court ignores the very object of his original § 2255 motion and the judge's

resolution of that issue.[3] He makes no argument concerning trial counsel's alleged failure

to communicate with him before rejecting a 15-year plea deal offer. Instead, he raises

two procedural issues. He has waived any complaints about counsel's alleged failure to

---

[2] In the e-mail, trial counsel informed the prosecuting attorney that Beckstrom was going to ask for a continuance of the trial to secure new counsel but that she would object to his request because the witnesses were ready, all motions had been argued, Beckstrom did not have the money to retain an attorney, and there was no basis for a new public defender. She also indicated:

> I may need a brief bit of time on the record to inform the court that I have presented [Beckstrom] with the plea offer and he refused it. I advised him of the life penalty that is mandatory if he is convicted and he still refused the plea offer. He also wanted me to resign and he wanted a new lawyer and I told him there was no basis for new counsel and the court would not continue the trial to let him find someone else. I just think that both issues (the plea and no basis for a withdrawal or a continuance) need to be on record.

(R. Vol. 1 at 69.) At the evidentiary hearing, counsel testified she had not informed the judge of Beckstrom's requests for a continuance and new counsel because he had "changed his mind" after she reassured him she "didn't work for the government [and] wasn't trying to sabotage him." (R. Vol. 3 at 66, 68.)

[3] The combined opening brief and request for COA was filed by the same counsel appointed for Beckstrom in the district court.

communicate a plea offer to him.[4] *See Silverton Snowmobile Club v. U.S. Forest Serv.*,

433 F.3d 772, 783 (10th Cir. 2006) (stating "the failure to raise an issue in an opening

brief waives that issue") (quotations omitted).  We now turn to the arguments he has

presented.

The first is that the judge erred in denying his request to amend his § 2255 motion

to include additional claims of ineffective assistance of counsel.[5]  These claims, which

were raised outside the applicable one-year statute of limitations,[6] *see* 28 U.S.C.

---

[4] This is especially true where a party raises an issue in the district court but abandons it on appeal.  *Cf. United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1183 (10th Cir. 2009) ("Waiver occurs when a party deliberately considers an issue and makes an intentional decision to forgo it.").  It is unassailably true when the principal issue presented to the district court is abandoned in favor of collateral matters.

In any event, the propriety of the judge's decision on this issue is beyond reasonable debate because it turns on a credibility finding—a decision to which we owe substantial deference and one which is adequately supported by the record.  *See Nat'l Ref. Co. v. Wagner*, 169 F.2d 43, 45 (10th Cir. 1948) (stating the credibility of witnesses and the weight to be given their testimony are questions for the trial court; a trial judge observes the witnesses while testifying and is in a better position to judge their credibility than an appellant court).

[5] Beckstrom initially sought to amend his § 2255 motion without leave of court or the government's consent, contrary to Fed. R. Civ. P. 15(a)(2).  When the government opposed the amendments on that basis, Beckstrom sought the court's permission to amend.  He argued his noncompliance with Rule 15(a)(2) should be excused on equitable grounds, but the judge declined to do so.  In his combined opening brief and request for COA he alleges the court erred.  But it doesn't matter— his claims were untimely even if his failure to abide by Rule 15(a)(2) were to somehow be excused.

[6] Beckstrom's conviction became final on December 5, 2011, when the Supreme Court denied certiorari review.  *See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000).  Therefore, he had until December 5, 2012, in which to file his § 2255 motion. *United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003); *see also United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008).  Although he timely filed his original § 2255 motion on October 22, 2012, he did not seek to amend his motion to include the

(Continued . . .)

- 4 -

§ 2255(f), concerned trial counsel's failure to move for the appointment of new counsel (and to inform the judge of Beckstrom's request), failure to seek a continuance of the trial so he could obtain new counsel, and her alleged disclosure of confidential attorney-client communications. He contends the new claims were timely because they were not discoverable until (at the earliest) February 2013 when he received the e-mail pursuant to his FOIA request and they related back to the date of the original motion under Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). Second, Beckstrom faults the judge for not holding an evidentiary hearing to determine whether the prosecuting attorney knowingly misled the court as to the service of a subpoena.[7]

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA

---

additional claims until January 22, 2014.

[7] Prior to the evidentiary hearing concerning the 15-year plea deal claim, Beckstrom issued a subpoena to the prosecuting attorney seeking all correspondence to and from his trial counsel regarding his criminal case and any plea offer. At the evidentiary hearing, the government stated the only document responsive to the subpoena was the e-mail Beckstrom had received from his FOIA request. It also claimed the subpoena had not been properly served because it was never personally served on the prosecuting attorney, rather it was left with the receptionist. After the evidentiary hearing, Beckstrom learned the subpoena had been left with the receptionist at the direction of the prosecuting attorney. He requested an evidentiary hearing, arguing the prosecuting attorney's failure to set the record straight, i.e., that she had directed service be made to the receptionist, undermined her credibility.

- 5 -

"only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Neither argument Beckstrom now makes fairly questions whether "the sentence was imposed in violation of the Constitution or laws of the United States" as § 2255 requires.  They only relate to rulings made in addressing the § 2255 motion itself.  S*ee United States v. Gordon*, 172 F.3d 753, 754-55 (10th Cir. 1999) (a COA should only issue on claims asserting the denial of a constitutional right and therefore no COA could be issued on claims alleging a criminal rule violation).  In any event the rulings were indisputably correct.

The judge refused Beckstrom's attempts to amend his § 2255 motion because the new claims were untimely—they were reasonably discoverable during trial in 2009 and did not relate back to the date of the original motion because they were based on facts

differing in "time and type" from the original claim. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).[8]

The judge did not address Beckstrom's request for an evidentiary hearing regarding service of the subpoena. But the request for a hearing related only to the credibility of the prosecutor's statement that no 15-year plea offer was made. Moreover, it was based only on a misstatement she may have made on a collateral matter.

We **DENY** a COA and **DISMISS** this matter. Beckstrom's request to proceed on appeal *in forma pauperis* or *ifp* is **DENIED AS MOOT**. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees may be excused. Since we have reached the merits of this matter, prepayment of fees is no longer an issue. Beckstrom is, nevertheless, required to pay all filing and docketing fees. Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[8] *Mayle* refused to broadly interpret Rule 15(c)'s language "conduct, transaction, or occurrence" to mean "same trial, conviction, or sentence." 545 U.S. at 664 (quotations omitted). Rather, it held that for relation back to be proper under the rule, the claims in the original and amended petitions must be "tied to a common core of operative facts." *Id.*; *see also United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (holding an untimely amendment to a § 2255 motion which "clarifies or amplifies a claim or theory in the original motion may . . . relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case") (quotations omitted).